MATTHEW D. CHURCH #15574
TAYLOR P. KORDSIEMON #17257
**MANNING CURTIS BRADSHAW
& BEDNAR PLLC**
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
(801) 363-5678
mchurch@mc2b.com; tkordsiemon@mc2b.com
*Attorneys for Orem City*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UPPER VALLEY UTILITIES, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OREM CITY, a municipal corporation, and JOHN DOES I-X,<br><br>　　　　Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00777-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, Defendant Orem City submits this Response in Opposition to Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability for Breach of Contract and Taking Under 42 U.S.C. § 1983.

**PREFERRED DISPOSITION AND GROUNDS**

Orem City contracted with Utah Valley Utilities ("UVU" or "Plaintiff") to install a conduit system (the "Conduit Agreement"). As relevant here, the Conduit Agreement outlined three categories of conduits: (1) conduits Orem owned outright; (2) conduits Orem jointly owns with UVU for 99 years, after which Orem will assume full ownership; and (3) conduits UVU solely owns for 99 years, after which ownership will pass to Orem. The latter two categories of conduits in which UVU has an interest constitute the "UVU Conduit System."

Plaintiff moved for summary judgment on its breach of contract and takings claims against Orem. Those claims depend entirely on allegations that Orem sold, leased, transferred, took, or otherwise used conduits within the UVU Conduit System without authorization, and that Orem failed to pay Plaintiff the amounts owed as a result of those transactions. But Orem here presents sworn testimony that it has not sold, leased, transferred, taken, or otherwise used any of the conduits in the UVU Conduit System, so Plaintiff's contract and takings claims fail as a matter of law. At worst, Plaintiff's request for summary judgment must be denied due to genuine disputes of material fact. In addition, Plaintiff's takings claim also fails due to the availability of contractual remedies, which foreclose any remedy under the Fifth Amendment.

**RESPONSE TO PLAINTIFF'S "STATEMENT OF UNDISPUTED MATERIAL FACTS"**

3. UVU Owns the UVU Conduit System for 99 Years. The Conduit Agreement, paragraph 4.2. Survival of Ownership of Conduit, defines UVU's 99-year ownership as follows:

> **4.2. Survival of Ownership of Conduit.** The joint ownership of the conduit owned by the City and Upper Valley, and the ownership of the conduit owned individually by Upper Valley, shall survive for a period of ninety-nine (99) years from the date hereof, regardless of any other termination of this Agreement, unless the parties earlier jointly transfer ownership to another party. After the 99 year period, the City shall be the sole owner of the conduit.

A. UVU currently owns the UVU Conduit System. The UVU 99-year ownership period, starting from December 11, 1996, has not yet expired as of the time this civil action commenced. Conduit Agreement, ¶ 4.2., Exhibit 1.

B. UVU owns the UVU Conduit System each day of each year for 99 years. UVU owns the UVU Conduit System starting from the first day of each contract year, to the last day of each contract year, for the remainder of the 99-year ownership period specified in the Conduit Agreement. Conduit Agreement, paragraph 4.2., Id.

**Orem City's Response**: Undisputed for purposes of summary judgment that UVU has a 99-year ownership interest in the UVU Conduit System. Orem does dispute that "UVU Owns the UVU Conduit System for 99 Years" insofar as it implies that UVU has sole ownership over the entire UVU Conduit System, and the Conduit Agreement is clear that Orem also has an ownership

interest in the jointly-owned conduits within the UVU Conduit System during the 99-year period. *See* Conduit Agreement [Dkt. No. 7-1] ¶ 4.2.

7. No prior notice to UVU of any negotiations to take, sell, use, or lease conduit. UVU's side was not given any prior notice of any negotiations regarding the taking, selling, using, nor leasing of any conduit runs within the UVU Conduit System. Chuck Schvaneveldt Decl., ¶4, Exhibit 3.

**Orem City's Response:** Undisputed for purposes of partial summary judgment that UVU was not provided with notice of any "negotiations regarding the taking, selling, using, [or] leaving of any conduit runs within the UVU Conduit System." Orem does dispute any implication that the City has taken, sold, used, or leased any of the conduit runs within the UVU Conduit System. *See* Declaration of Chris Tschirki, attached as Exhibit 1, ¶¶ 14–16.

8. Some of the 1-1/4" conduit runs were occupied in 2023. More than 100 feet of the 1-1/4" conduit runs referred to or included in paragraph 4.4. (Restrictions on Transfer of Conduit) of the Conduit Agreement (Exhibit 1), consisting of jointly-owned or solely-owned 1 1/4" conduits, or both, was occupied (meaning a cable was installed inside 100 or more feet of the 1-1/4" conduit) during the year 2023. Orem City 2023 PowerPoint, pp. 27-30, 33-34, listing sales and leases of 1-1/4" conduits within the UVU Conduit System, Exhibit 2; Orem City Spreadsheet, p. 140, Exhibit 5 (listing examples of conduit usage).

**Orem City's Response:** Disputed that any of the 1.25-inch conduits within the UVU Conduit System were occupied in 2023. *See* Tschirki Decl., Ex. 1, ¶¶ 14–16.

9. Some of UVU's 2" conduit runs were occupied in 2023. More than 100 feet of the 2" conduit runs within the UVU Conduit System, referred to or included in paragraph 4.2 (Survival of Ownership of Conduit) of the Conduit Agreement (Exhibit 1), consisting of UVU's solely-owned 2" conduit was occupied (meaning a cable was installed inside 100 or more feet of the 2" conduit) during the year 2023. See Orem City 2023 PowerPoint, p. 27, Exhibit 2; Orem City/UTOPIA Agreement, Exhibit 4; Orem City Spreadsheet, p. 140, Exhibit 5 ("Includes conduit in other streets too.").

**Orem City's Response:** Disputed that any of the 2-inch conduits within the UVU Conduit System were occupied in 2023. *See* Tschirki Decl., Ex. 1, ¶¶ 14–16.

10. Orem City has collected money from the UVU Conduit System. Orem City has collected money generated from the lease, sale, or other use of parts of the UVU Conduit System. Orem City PowerPoint, pp. 27, 29-30, Exhibit 2.

A. Orem City collected money generated by 1-1/4" conduit in 2023. Orem City received or collected or was otherwise paid money in 2023 as payment or consideration for the use, sale, lease, or rental of some part or parts of the 1-1/4" conduits referred to in paragraph 4.4. (Restrictions on Transfer of Conduit) of the Conduit Agreement. See Orem City 2023 PowerPoint, pp. 27-30, 33-34, listing sales and leases of 1-1/4" conduits within the UVU Conduit System, Exhibit 2.

B. Orem City collected money generated by 2" conduit in 2023. Orem City received or collected or was otherwise paid money in 2023 as payment or consideration for the use, sale, lease, or rental of some part or parts of the 2" conduits referred to in paragraph 4.2 (Survival of Ownership of Conduit) of the Conduit Agreement. See Orem City 2023 PowerPoint, UVU p. 27, Exhibit 2; Orem City/UTOPIA Agreement, Exhibit 4.

**Orem City's Response:** Disputed that Orem collected any funds from the lease, sale, or other use of the UVU Conduit System. *See* Tschirki Decl., Ex. 1, ¶¶ 14–16.

11. Orem City has not paid UVU's full share of proceeds. Orem City has not paid UVU's full share of the proceeds from the admitted uses, leases, and sales of the various 1-1/4" conduit runs within the UVU Conduit System, including but not limited to the contracts and dollar amounts listed in the Orem City 2023 PowerPoint, pp. 27-34, Exhibit 2, showing no payments to UVU related to the following years:

A. 1998 ~ Brooks Fiber Sale A-1998-0165,
B. 2011 ~ TCG Utah Sale A-2011-0031,
C. 2014 ~ CenturyLink Sale A-2014-0177,
D. 2017-2023 ~First Digital Lease A-2017-0169, a 50-year renewable contract with an "Effective Date" of September 18, 2017 (UVU p. 118, Exhibit 5):

> **ARTICLE IX.    CONTRACT TERM**
>
> Section 9.01    Effective Date
> This Agreement shall take effect on the Effective Date.
>
> Section 9.02    Term and Termination
> This Agreement shall remain in full force and effect for a period of fifty (50) years from the Effective Date and may then be renewed for successive ten (10) year periods upon the written consent of the Licensor, unless Licensee is no longer operating its network within Orem. Unless Licensee transfers its Attachments to a third party with which Licensor has a separate attachment agreement

*See* First Digital Lease A-2017-0169, UVU p. 128, Exhibit 5 ("Orem Blvd 6,360 feet," Spreadsheet Description, at p. 140); Chuck Schvaneveldt Decl., ¶12 (as to 2022, 2023).

**Orem City's Response:** Disputed that Orem failed to pay UVU its share of any proceeds collected from the use, lease, or sale of any 1.25-inch conduits in the UVU Conduit System. The

4

conduits pertaining to the Brooks Fiber sale, the TCH Utah sale, the CenturyLink sale, or the First Digital lease are not in the UVU Conduit System. *See* Tschirki Decl., Ex. 1, ¶¶ 14–16.

12. Orem City did not tender any money to UVU in 2022 or 2023. Orem City did not tender any money or pay any compensation or fees to the UVU side any time during the years 2022, 2023. Orem City 2023 PowerPoint, Found Payments Section, UVU pp. 31-32, Exhibit 2; Chuck Schvaneveldt Decl., ¶12, Exhibit 3.

**Orem City's Response:** Undisputed that Orem did not tender any money to UVU in 2022 or 2023. Orem does dispute any implication that it had an obligation to tender payments to UVU in 2022 or 2023 based on any sale, lease, or use of the UVU Conduit System because no such sale, lease, or use has taken place. *See* Tschirki Decl., Ex. 1, ¶¶ 14–16.

14. UVU directionally drilled the 2" conduit under I-15. Directionally drilling the 2" conduit runs under I-15 was a highly technical, risky, and time-consuming process and the 2" runs under the interstate are valuable assets. Chuck Schvaneveldt Decl., ¶¶14, 16, Exhibit 3.

**Orem City's Response:** Orem objects to the characterization of the 2-inch conduits under I-15 as "valuable assets." There is no evidence of how much those conduits are actually worth, and Mr. Schvaneveldt's declaration does not provide any indication of the degree of monetary worth necessary for an asset to qualify as "valuable" from his perspective. Absent more specificity, Orem cannot admit or dispute that characterization. Further, only expert testimony can establish the value of the conduit runs, and there is no evidence that Mr. Schvaneveldt is qualified to make that appraisal. Apart from its objections, Orem does not dispute the other facts set forth in this paragraph for purposes of partial summary judgment.

## STATEMENT OF ADDITIONAL MATERIAL FACTS

1. Orem City entered into the Conduit Agreement with Plaintiff on December 11, 1996. *See generally* Conduit Agreement [Dkt. No. 7-1].

2. Through the Conduit Agreement, the City contracted with Plaintiff to install a conduit system consisting of four separate trenches (the "Greater Conduit System"). *Id.* ¶ 3.2.

3. Each of the trenches contain multiple conduits, and the Conduit Agreement divided ownership of those conduits among several entities. *Id.* ¶¶ 4.1–4.1.6.

4. The Conduit Agreement provided Orem solely owned certain 1.25-inch conduits and 2-inch conduits. *Id.* ¶ 4.1.4.

5. The Conduit Agreement provided that UVU solely owns certain 2-inch conduits for 99 years, after which ownership will transfer to the City. *Id.* ¶¶ 4.1.5, 4.2.

6. The Conduit Agreement provided that Orem and UVU jointly own certain 1.25-inch conduits for 99 years, after which Orem will assume sole ownership. *Id.* ¶¶ 4.1.6, 4.2.

7. The UVU Conduit System is a subpart of the Greater Conduit System, consisting of all the conduits within the Greater Conduit System in which Plaintiff has a sole or joint 99-year ownership interest. *See* Tschirki Decl., Ex. 1, ¶ 9.

8. Each of the trenches in the Greater Conduit System contain groupings of four 1.25-inch conduits called "quadlocks." *See* Conduit Agreement [Dkt. No. 7-1] ¶ 4.1.

9. Trench #3 in the Greater Conduit System contains four quadlocks. The upper two quadlocks contain conduit numbers eleven through eighteen, all of which are or were owned solely by Orem City. *Id.* at UVU P. 0023.

10. In or about May 2000, Orem City undertook the "Center Street Fiber Optic Conduit Pullbox Project" ("Center Street Project"). *See* Tschirki Decl., Ex. 1, ¶ 12.

11. The Center Street Project involved completing "pullouts" of the top two quadlocks contained in Trench #3. *Id.* ¶ 13.

6

12. Each of the conduits involved in Brooks Fiber sale, the TCG Utah sale, the CenturyLink sale, the First Digital lease, and the UTOPIA lease are located within the top two quadlocks in Trench #3 that were pulled as part of the Center Street Project, or other conduits that are or were owned solely by the City. *Id.* ¶ 14.

13. Orem City has never sold, leased, transferred, taken, or otherwise used any of the conduits within the UVU Conduit System. *Id.* ¶ 16.

## LEGAL STANDARD

A court may enter summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). When the party moving for summary judgment has the burden of proof, the party must come forward with sufficient, competent evidence to establish each element of its claims. *Id.* R. 56(c)(1)(A). But if the responding party presents contrary evidence to establish a genuine dispute as to any material fact, the court must deny summary judgment. *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015); *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Further, as the court reviews the evidentiary record "to determine whether any dispute of material fact exists," it "must view all evidence and inferences in favor of the party opposing the motion for summary judgment." *Phelps v. Hamilton*, 59 F.3d 1058, 1063 (10th Cir. 1995).

## ARGUMENT

I. **PLAINTIFF'S CONTRACT CLAIM FAILS BECAUSE OREM NEVER SOLD OR LEASED ANY CONDUITS IN THE UVU CONDUIT SYSTEM.**

To successfully move for summary judgment on its claim for breach of the Conduit Agreement, Plaintiff must prove there are no disputes of material fact on whether (1) the Conduit

7

Agreement is an enforceable contract, (2) UVU performed all its obligations under the Conduit Agreement, (3) Orem breached the Conduit Agreement, and (4) UVU was harmed as a result of Orem's breach. *See Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388 (listing elements of breach of contract). For present purposes, Orem does not dispute that the Conduit Agreement is enforceable or that UVU performed its obligations thereunder. But Plaintiff cannot prove the third and fourth elements dealing with breach and damage. At the very least, material disputes of fact preclude entry of summary judgment in Plaintiff's favor on its breach of contract claim.

Plaintiff claims Orem breached the Conduit Agreement by selling, leasing, taking, or otherwise using conduits in the UVU Conduit System without authorization, and that Plaintiff has been harmed because it has not received its share of payments collected from such transactions. *See* Amend. Compl. [Dkt. No. 7] ¶¶ 183–221; Motion for Partial Summary Judgment ("MPSJ") [Dkt. No. 22] at 16–19, 21–37. But Orem has sworn testimony that it has not sold, leased, taken, or otherwise used any of the conduits in the UVU Conduit System, so Plaintiff cannot prove that Orem breached the Conduit Agreement in the manner alleged. At the very least, there are genuine disputes of material fact on whether Orem breached the Conduit Agreement in the manner alleged and whether that breach damaged Plaintiff. *See* Tschirki Decl., Ex. 1, ¶ 14–16. Therefore, the Court must deny Plaintiff's request to enter summary judgment on its breach of contract claim. *See Leone*, 810 F.3d at 1153; *Schneider*, 717 F.3d at 767.

II.     **PLAINTIFF'S FEDERAL TAKINGS CLAIM FAILS AS A MATTER OF LAW.**

The Fifth Amendment's Takings Clause guarantees that private property shall not "be taken for public use, without just compensation." *See* U.S. CONST. Amend. V. The government "takes" property when it physically invades or occupies private property or when it gives other

individuals a permanent and continuous right to enter the property. *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 831–32 (1987). In this case, Plaintiff alleges that it is entitled to "just compensation" because Orem "took" its property by selling, leasing, or using conduits in the UVU Conduit System without authorization. But this claim fails as a matter of law because (1) Orem has not sold, leased, or used any conduits within the UVU Conduit System; and (2) the existence of contractual remedies precludes any remedy under the Takings Clause.

   **A.** **Plaintiff's Federal Takings Claim Fails Because Orem Never "Took" Any of the Conduits in the UVU Conduit System.**

Plaintiff has exclusive ownership over the 2-inch conduits in the UVU Conduit System for 99 years. *See* Conduit Agreement [Dkt. No. 7-1] ¶¶ 4.2, 4.2. Plaintiff alleges that Orem City "took" those conduits by selling or leasing them to third parties. *See* Amend. Compl. [Dkt. No. 7] ¶¶ 146–73; MPSJ [Dkt. No. 22] at 40–49. Again, however, Orem has sworn testimony that it has not sold, leased, taken, or otherwise used any of the conduits within the UVU Conduit System, including the 2-inch conduits that Plaintiff owns during the 99-year period. *See* Tschirki Decl., Ex. 1, ¶ 14–16. As such, Plaintiff's takings claim fails because it cannot prove that Orem has "taken" the 2-inch conduits at issue. At the very least, there is a genuine dispute of material fact on whether Orem physically invaded or occupied Plaintiff's property or allowed others to do so. Therefore, the Court must deny Plaintiff's request to enter summary judgment on its federal takings claim. *See Leone*, 810 F.3d at 1153; *Schneider*, 717 F.3d at 767.

   **B.** **The Availability of Contractual Remedies Forecloses Any Relief Under the Takings Clause of the Fifth Amendment.**

Plaintiff's federal takings claim also fails as a matter of law because his claim, if any, sounds in contract, and the availability of contractual remedies forecloses any remedies under the

9

Fifth Amendment. Although it is true that the Fifth Amendment "extends to intangible rights, such as leaseholds and contracts," it is equally true that "'taking claims rarely arise under government contracts because the Government acts in its commercial or proprietary capacity in entering contracts, rather than in its sovereign capacity.'" *Wheelwright v. Ogden City Airport*, No. 22-4083, 2024 WL 256992, at *3 (10th Cir. Jan. 24, 2024) (quoting *Hughes Commc'ns Galaxy, Inc. v. United States*, 271 F.3d 1060, 1070 (Fed. Cir. 2001)) (otherwise cleaned up) (unpublished). "Indeed, it is well established that a plaintiff who is suing in connection with a government contract 'is entitled to a takings remedy only if it is foreclosed from bringing a breach of contract action, *i.e.*, if its contract rights have been 'taken.'" *Ogden Reg'l Airport Ass'n, Inc. v. Ogden City Airport*, 614 F. Supp. 3d 1005, 1015 (D. Utah 2022), *aff'd sub nom. Wheelwright*, 2024 WL 256992. Accordingly, "when rights related to a contract with a government are in dispute, 'interference with those rights generally gives right to a breach claim not a taking claim.'" *Id.* (quoting *Sun Oil Co. v. United States*, 572 F.2d 786, 818 (Ct. Cl. 1978)) (otherwise cleaned up). "To hold otherwise would run the risk of transmogrifying virtually every dispute involving an alleged breach of contract by a [governmental entity] into a constitutional case." *Masso-Torrellas v. Municipality of Toa Alta*, 845 F.3d 461, 467 (1st Cir. 2017).[1]

---

[1] The principle that governmental breach of contract does not give rise to a takings claim is well-established in federal courts across the country. *See, e.g.*, *B&B Trucking, Inc. v. United States Postal Serv.*, 406 F.3d 766, 769 (6th Cir. 2005); *Horwitz-Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1250–51 (7th Cir. 1996); *Unger v. National Residents Matching Prog.*, 928 F.2d 1392, 1398 (3d Cir. 1991); *San Bernardino Physician's Serv. Med. Grp. V. County of San Bernardino*, 825 F.2d 1404, 1408 (9th Cir. 1987); *Yatvin v. Madison Metro. School Dist.*, 840 F.2d 412, 416 (7th Cir. 1988); *Monolith Portland Midwest Co. v. Reconstruction Fin. Corp.*, 282 F.2d 439, 447 (9th Cir. 1960); *Brasier v. United States*, 223 F.2d 762, 766 (8th Cir. 1955); *Cross Continent Dev., LLC v. Town of Akron, Colo.*, 742 F. Supp. 2d 1179, 1184 (D. Colo. 2010).

Even assuming *arguendo* that Orem had sold or leased some of the 2-inch conduits at issue, contractual remedies would be sufficient to make Plaintiff whole. Under the Conduit Agreement, Plaintiff owns the 2-inch conduits for 99 years, and then ownership transfers to the City. *See* Conduit Agreement [Dkt. No. 7-1] ¶ 4.2. If Orem took possession of one or more of those conduits before the expiration of the 99-year period, then Plaintiff would have a contractual remedy to recover the lost value of the conduits in proportion to the time remaining in Plaintiff's 99-year interest. For example, if Orem took possession of the 2-inch conduits after 30 years, then Plaintiff could initiate a breach of contract action and recover the value of a 69-year interest in the conduits—no different than if a lessor committed breach by terminating a lease early.

Again, "a plaintiff who is suing in connection with a government contract is entitled to a takings remedy only if it is foreclosed from bringing a breach of contract action." *Ogden Reg'l Airport*, 614 F. Supp. 3d at 1015 (cleaned up). Even if Orem took early possession of the conduits, contractual remedies could make Plaintiff whole. Therefore, Plaintiff is not entitled to compensation under the Fifth Amendment and Plaintiff's takings claim fails as a matter of law.

## CONCLUSION

For the reasons stated herein, the Court should DENY Plaintiff's Motion for Partial Summary Judgment.

DATED April 29, 2024.

                **MANNING CURTIS BRADSHAW
&amp; BEDNAR PLLC**

                /s/ *Taylor P. Kordsiemon*
                MATTHEW D. CHURCH
                TAYLOR P. KORDSIEMON
                *Attorneys for Orem City*

## CERTIFICATE OF SERVICE

      I certify that on April 29, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the E-File system, which sent notification of this filing to the following:

Robert J. Fuller
FULLER LAW OFFICE, LC
rob@fullerattorney.com
*Attorneys for Plaintiff*

                                                                       */s/ Caroline Smith*